In the Matter of the Application of JOHN McNAIR and Others, Respondents, against WILLIAM J. PICARD, Chairman, and Others, Constituting the Board of Standards and Appeals of the Department of Labor, Appellants, to Compel Said Board to Approve a Certificate of Incorporation.— Appeal from an order of the Albany Special Term which directed the Board of Standards and Appeals of the Department of Labor to approve the certificate of incorporation of Citizens Federation of Labor, Inc. A hearing was held in connection with the application. The only opposition was interposed by fourteen representatives of unions largely identified either with the C. I. O. or the A. F. of L. The members of the proposed corporation are colored persons who assert that they are discriminated against by many of the unions. The objects for which the corporation is to

be formed are stated to be: " 1. To organize and set apart from its members various groups subordinate to itself, with membership in each group limited to those persons who are engaged in the same trade, craft, occupation, industry or vocation. 2. To act as the bargaining agent with employers; to seek to persuade employers to hire its members; and to deal and negotiate with employers concerning grievances, hours, wages and conditions of employment. In the achieving of its purpose and in the exercise of its powers, the corporation shall engage in, perform and do, all those acts lawfully and usually engaged in, performed or done by similar labor organizations and labor unions. * * * The enumeration of specific purposes and powers herein is not to be construed as a limitation of the objects and powers of the corporation and the corporation shall have the power to do any act or thing not prohibited by law to corporations organized under section 11 of article 2 of the Membership Corporations Law." No findings were made, but the answer to the petition in this proceeding and the brief by the Attorney-General assert, with no facts to support the assertion, that it is a company union, this because there is a provision in a tentative contract which the corporation, when formed, expects to present to employers, that provides in substance that the employer agrees to display " the Union's sign in his shop window " and that " The Union agrees to rent this sign to the Employer and the Employer agrees to pay the Union the sum of Five Dollars annually for its use." It does not appear under just what conditions the Board of Standards and Appeals may refuse approval, but certainly it would be improper to deny approval because at present the tentative contract that may be offered to employers contains provisions which the Board believes to be improper. If they are improper, it is for the courts to correct, not the Board. If articles 11 and 12 of the tentative contract which propose a form of " checkoff " are illegal, a change would be effected in the same manner. The refusal by the Board to approve was arbitrary, capricious and *ultra vires*. The order of the Special Term should be affirmed. Order unanimously affirmed. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.